UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RINA MANOS, as parent and natural
guardian of Y.M., and
RINA MANOS, Individually                    Complaint No.

                    Plaintiff,

    -against-

THE NEW YORK CITY
DEPARTMENT OF EDUCATION

                    Defendant.
----------------------------------------------------------------X

RINA MANOS, as parent and natural guardian of Y.M[1] and RINA MANOS individually, as and for her complaint alleges as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action against and seeking reversal of the decision of the State Review Officer ("SRO"), dated October 9, 2024, in case no. 24-353, upholding the Impartial Hearing Officer's ("IHO") decision dated July 10, 2024, that dismissed the Plaintiffs case (IHO Case No. 270142) with prejudice holding "the failure to appear and pursue this matter as wilful and intentional, warranting termination with prejudice."

2. Through this complaint the Plaintiffs seek to set aside the order dated October 9, 2024 in case no. 24-353 ("SRO Order") and requests (i) remand of the due process complaint to an impartial hearing officer for a due process hearing; or (ii) in the alternative, reversal of the dismissal with prejudice to one without prejudice, and specifically

---

[1] Although the full name of the Parent/Plaintiff is used in the complaint herein, pursuant to Family Educational Rights and Privacy Act ("FERPA") 20 U.S.C. §1232(g) (and 34 C.F.R. Part 99), Plaintiff uses the initials of the Student to protect the Student's privacy.

1

allowing Plaintiffs to commence a new impartial hearing at the conclusion of this case, tolling any applicable statue of limitation period as a result of this case.

## PARTIES

3. The Plaintiff Y.M., is a minor child, a student identified with disabilities under the Individuals with Disabilities Education Act ("IDEA") and eligible to receive special education services. See 20 U.S.C. §1400(3)(A)(i).

4. The Plaintiff Y.M is entitled to receive Free Appropriate Public Education ("FAPE") from the DOE under the IDEA. See 20 U.S.C. §1400 et seq.

5. The Plaintiff Y.M. is not expressly named in this Complaint in view of the privacy provisions in IDEA and the FERPA. See 20 U.S.C. §1232.

6. The Plaintiff Rina Manos is the parent and natural guardian of the Plaintiff Y.M.

7. The Plaintiffs are residents of Far Rockaway, New York.

8. The Defendant The New York City Department of Education ("DOE") is a body corporate established under Article 52 of the New York State Education Laws, N.Y. Educ. Law §2550, et. seq.

9. The Defendant's principal place of business is located at 52 Chambers Street in the county and State of New York.

10. The New York City Law Department, with an address of 100 Church Street New York, NY 10007, is designated to receive service of process for Defendant.

## JURISDICTION & VENUE

11. In accordance with 28 U.S.C. §1391, the United States District Court of Southern District of New York is the proper venue for this case.

12. This Court has jurisdiction over Plaintiffs' federal claims brought under 28 U.S.C. §1331 and has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. §1367.

13. The present case arises out of IDEA, 20 U.S.C. §1400, et. seq., United States Department of Education Regulation promulgated under 34 Code of Federal Regulation ("CFR) Part 300, 8 NYCRR §200.5 and New York Education Law.

14. This court can grant declaratory and injunctive relief under 28 U.S.C §§2201, 2202.

15. The SRO in case no. 24-353 refers to and relies upon federal statutes and regulations to arrive at the decision which also confers jurisdiction upon this court to hear the present case.

## STATUTORY & REGULATORY FRAMEWORK

### IDEA and 8 NYCRR §200.5, New York Education Law

16. New York State receives Federal funds under IDEA in exchange for a commitment to provide FAPE to all children with disabilities. Under IDEA 20 U.S.C § 1412 the DOE receives federal funding and therefore must comply with the provisions of the statute.

17. DOE and New York State have policies and procedures implementing IDEA, both written and informal.

18. Upon evaluation if the student is found to have disability which makes special education and/or related services necessary the school district must develop an Individualized Education Program ("IEP") for the student who attend public schools.

19. In case of non-public schools, Federal law requires that the school district, in which the non-public school is located, use proportionate share of its IDEA funds to provide services to non-public school students based on consultation with non-public school representatives. Students with disabilities who are residents of New York State attending non-public schools located in the State are dually enrolled in the public schools for the purposes of special education and receives services pursuant to an Individualized Education Services Program ("IESP") developed by the Committee on Special Education ("CSE") of the school district of location in the same manner and

with the same contents as an IEP. Special education services to parentally placed students must be provided on equitable basis. See N.Y. Edu. Law 3602 (c).

20. The Plaintiff student, being resident of the DOE's school district, is entitled to FAPE and compensatory special education from the DOE under IDEA, the New York State regulations implementing IDEA (8 NYCRR §200.5) and New York Educ. Law.

21. FAPE is defined as "educational instructions designed to meet the unique needs of the handicapped child supported by such services as are necessary to permit the child to benefit from the instructions."[2]

22. FAPE consists of special education and related services. Special education means instructions specially tailored to meet the needs of a student with a disability that is provided at no cost to the parents. 20 U.S.C § 1401 (2). Special Education Teacher Support Services ("SETSS") is a special education service extended by the Defendants to the student with disability residing in their district. Related services are supportive services other than instructions that enable students with disabilities to take advantage of their special education and that make the instruction meaningful such as occupational therapy, speech therapy, physical therapy, transportation. Supportive services are specific to a particular child's unique educational needs and if a student needs a particular service during the school day in order to attend or benefit from the school then school district must provide it. See 20 U.S.C §1401 (26) (A).

23. Compensatory Services are provided as a remedy in cases the district fails to provide appropriate services to a student with disability in time when the student was entitled to it.

---

[2] Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206-07 (1982)

24. As required by the IDEA, parents in New York state may file a due process complaint to seek impartial hearing on matters relating to identification, evaluation, or education placement of a student with disability or a student suspected to have disability or the provision of FAPE under IDEA. N.Y. Educ. Law§ 4404.  The regulation governing such proceedings are set forth in 8 NYCRR §200.5(i)-(j).

25. State law also provides parents of students in non-public schools the same rights to initiate impartial hearings for disputes under N.Y. Educ. Law§ 4404, including the right to review of the recommendation of services of local school districts.  N.Y. Educ. Law§3602-c.

26. The parent or local school district must have the opportunity for an impartial due process hearing under this part when a due process complaint is received under 20 USC §1415(b)(6); 8 NYCRR §200.5(j).

27. Under IDEA, 20 USC §1415 (c)(2) address situations where it is necessary for hearing officers to make determinations regarding the sufficiency of a complaint and amendments to a complaint before a due process hearing. 8 NYCRR §200.5(i).

28. 34 CFR §300.513 (a), 20 USC §1415 (f) (3) (e) and 8 NYCRR §200.5(j) requires that the decision made by the hearing officer on an impartial hearing request must be made on a substantive ground.

29. The constitutional requirement of due process of law affords the opportunity for notice, hearings conducted pursuant to such notice and a judgment entered based on such notice and hearing.

30. There are no statutes or regulations expressly allowing a hearing officer to dismiss a case that has not been withdrawn by the petitioner on non-substantive grounds other than sufficiency challenges.  Moreover and in any event, any dismissal must be with due process of law.

## FACTS

31. The Plaintiff Y.M. is a minor with disability.

32. A due process complaint was filed by the Plaintiff Rina Manos parent of Y.M on 2/29/2024 and assigned IHO Case No. 270142. Plaintiffs thereafter amended IHO Case No. 270142 on 4/16/2024 and 5/1/2024. In IHO Case No. 270142 Plaintiff Rina Manos requested pendency relief and a final order to award services and direct funding for the school year 2023-2024 in accordance with the recommendations of IESP 2/24/2021 from beginning of 2023-2024 school year till 4/8/2024; and under an IESP dated from 3/25/2024 from April 9, 2024 till end of the school year.

33. A pre-hearing conference IHO Case No. 270142 was scheduled for June 3, 2024, when the Plaintiff attended through her attorney. The due process hearing in IHO Case No. 270142 was scheduled for July 10, 2024. The disclosures were served timely by the Plaintiff. However, on July 10, 2024, the Plaintiff due to unforeseen circumstances was delayed to join the hearing. Defendant's made an application to dismiss the case orally on the record and did not indicate if the dismissal was requested to be with prejudice or without prejudice. No notice of this application was given to Plaintiffs.

34. In an order issued in IHO Case No. 270142 on July 10, 2024 ("Termination Order"), IHO dismissed the case with prejudice based on a finding that that Plaintiffs' representative failure to appear was "wilful and intentional," but without stating the basis of such finding or what was done by Plaintiff's representative that can be deemed wilful or intentional.

35. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the of the action and afford them an opportunity to present their objections.

36. The Plaintiffs have a valid claim in the due process complaint. The Plaintiff was not served with a notice to show cause why the due process complaint should not be dismissed, and certainly the potential for a with prejudice dismissal.

37. Moreover, despite Plaintiffs' having automatic pendency rights, no such relief under pendency has been afforded by Defendant nor was it awarded by IHO.

38. Plaintiffs appealed the Termination Order to the SRO, arguing that (i) IHO had no basis to find Plaintiffs' representative's non-appearance to be wilful and intentional, which is a finding IHO stated was the basis of the Termination Order ; (ii) IHO failed to afford notice or opportunity to be heard on a dismissal and certainly on a dismissal with prejudice; (iii) dismissal with prejudice was a harsh sanction unwarranted by the facts of the case; and (iv) IHO erred in not granting Plaintiff student her automatic pendency rights before dismissal.

39. In their appeal to the SRO, Plaintiffs requested pendency relief and that either (i) the Termination Order be reversed and IHO Case No. 270142 be remanded for a hearing on the merits; or (ii) the Termination Order be modified to be without prejudice;

40. In the SRO Order, the SRO dismissed the appeal.  The SRO ruled that there was sufficient notice simply by having a warning in an interim order and pre-conference order that the case ***could*** be dismissed for non-appearance, and despite that a ***potential*** dismissal with prejudiced was never noticed even in those orders.

41. The SRO also went outside the record and assumed facts – incorrectly – about Plaintiffs' representative and made findings – again incorrectly – regarding his ability to manage his calendar and other matters.  The SRO and used those unsupported findings to hold a dismissal with prejudice was warranted.  Finally, the SRO ignored Plaintiffs' arguments on pendency and ignored Plaintiff student's automatic pendency entitlement.

42. The SRO Order should be reversed as it unsupported by law, relies on facts not in evidence and misconstrues those outside the record facts.

43. Plaintiffs should be granted pendency rights and their impartial hearing request for the relief requested in IHO Case No. 270142 should proceed to a hearing on the merits.

## FIRST CAUSE OF ACTION

*Violation of Due Process U.S. Const. amend. XIV*

44. Plaintiff reiterates, repeats and reaffirms any and all allegations in paragraphs 1 through 43 set forth above as if fully set forth herein.

45. The fundamental requirement in any due process proceeding is a notice of an action to afford the party an opportunity to present their objections.

46. IHO ruled upon Defendant's oral application to dismiss. That application did not specify if it was to be with or without prejudice, nor did it state the factual or legal support in favour of the application being granted. The oral application was never noticed to Plaintiffs. IHO dismissed the Plaintiffs' claim with prejudice without tendering an opportunity to the Plaintiffs to rectify their nonappearance, to put forth their objections to the application, or put forth the reason for absence.

47. The IHO's decision to dismiss 'with prejudice,' the IHO's finding that the absence of Plaintiff's representative was wilful and intentional, without any evidence to substantiate wilfulness or intention, is in violation of Plaintiffs' due process rights afforded by the US Constitution and under the IDEA and NYCRR.

48. The SRO's decision to affirm IHO's Termination Order likewise violates Plaintiffs due process rights afforded by the US Constitution and under the IDEA and NYCRR.

49. The SRO Order should be reversed so that Plaintiffs are granted their pendency rights and their impartial hearing request for the relief requested in IHO Case No. 270142 can proceed to a hearing on the merits.

50. For the aforesaid reasons the Plaintiffs are entitled to injunctive and declaratory reliefs, and costs and attorneys' fees

**SECOND CAUSE OF ACTION**

*Violation of Right to an Impartial Hearing and a Decision on Substantive Grounds 20 USC§1415 8 NYCRR § 200.5(j)*

51. Plaintiff reiterates, repeats and reaffirms any and all allegations in paragraphs 1 through 50 set forth above as if fully set forth herein.

52. IHOs are required to issue decision based on substantive grounds. No explicit right to dismiss a case with prejudice without a hearings is afforded.

53. A petitioner making an impartial hearing request may make an application of withdrawal of their petition.

54. A respondent in an impartial hearing has no right to withdraw a case.

55. Even when a withdrawal request is made by a petitioner and a respondent requests the withdrawal be with prejudice, the petitioner must be afforded notice and an opportunity to be heard.

56. The pre-conference summary and order and any interim order warning of a potential dismissal of a case is not considered to have afforded Plaintiffs notice and opportunity to be heard.

57. The IHO dismissed the case with prejudice upon the Defendant's oral application.

58. The Plaintiffs were not provided notice of such application.

59. The Plaintiffs were not provided an opportunity to be heard with respect to the Defendant's application.

60. Even though IHO may have "broad discretion" to manage a case before them, IHO is still required to conduct their case within standard legal practice and not to interfere with a party's right to a timey due process hearing.  Moreover, no regulation affords the right to an IHO to dismiss with prejudice without the opportunity for petitioner to be heard.

61. IHO's dismissal of the Plaintiffs' case with prejudice without notice is improper, as was the SRO's affirmance of that dismissal.

62. The SRO Order should be reversed so that Plaintiffs are granted their pendency rights and their impartial hearing request for the relief requested in IHO Case No. 270142 can proceed to a hearing on the merits.

63. For the aforesaid reasons the Plaintiffs are entitled to injunctive and declaratory reliefs, and costs and attorneys' fees

### THIRD CAUSE OF ACTION

*Violation of 8 NYCRR §200.5, New York Education Law §4401 et. seq.*

64. Plaintiff reiterates, repeats and reaffirms any and all allegations in paragraphs 1 through 63 set forth above as if fully set forth herein.

65. The Defendants did not provide FAPE to the Plaintiff Y.M. and did not grant her automatic pendency rights.  The IHO and SRO failed to provide Plaintiffs an opportunity to be heard on their complaint on these violations.

66. Defendant violated Plaintiff's rights under 8 NYCRR §200.5 and NY Edu. Law §4404 by not providing FAPE and pendency. The IHO and SRO failed to provide Plaintiffs an opportunity to be heard on their complaint on these violations.

67. The Plaintiffs rights under 8 NYCRR §200.5 and NY Edu. Law is enforceable under 8 NYCRR §200.5(k)(3) and NY Edu Law §4404(1)(b) as well as court's equitable powers.

68. The SRO Order should be reversed so that Plaintiffs are granted their pendency rights and their impartial hearing request for the relief requested in IHO Case No. 270142 can proceed to a hearing on the merits.

69. For the aforesaid reasons the Plaintiffs are entitled to injunctive and declaratory reliefs, and costs and attorneys' fees.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court:

(a) Set aside the SRO's decision, dated October 9, 2024, in SRO case 24-353.

(b) Grant Plaintiff student her automatic pendency entitlement.

(c) Remand the Plaintiffs Due Process Complaint in IHO Case No. 270142 to an Impartial Hearing Officer for hearing of the claims sought for therein.

(d) In an alternative to the requested relief in (c) above, allow Plaintiffs to refile their claims for the relief requested in IHO Case No. 270142 and toll any applicable statute of limitations that may otherwise inhibit such a refiling.

(e) Award to the Plaintiffs disbursement, costs and attorney's fees pursuant to 42 U.S.C §12205, 20 U.S.C. § 1415(i)(3)(B)(i)(I)

(f) Grant such other and further reliefs that the Court deems just and appropriate.

DATED: February 7, 2025
      Far Rockaway, New York

Respectfully submitted,
**Gulkowitz Berger LLP**
/s/ Shaya M. Berger
By: Shaya M. Berger, Esq.
544 Oak Drive, Far Rockaway,
NY 11691 (212) 208-0006
sberger@gulkowitzberger.com
*Attorneys for Plaintiffs*

11